Homer E. HANRAHAN, et al.,
Plaintiffs–Appellants,

v.

James K. WILLIAMS, et al.,
Defendants–Appellees.

No. 00–2930.

United States Court of Appeals,
Seventh Circuit.

Submitted March 16, 2001 *.

Decided April 5, 2001.

Before POSNER, EASTERBROOK,
KANNE, Circuit Judges.

***

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

**Order**

Two years ago we remanded this case to the district court for a single purpose: to determine whether the availability of parole depended on the plaintiffs' race. *Hanrahan v. Williams*, No. 98–2227, 1999 WL 253507 (7th Cir. Apr.27, 1999) (unpublished order). On remand the district court received evidence and granted summary judgment to the defendants, concluding that plaintiffs had not produced any direct evidence of discrimination and had not established even a disparate impact. Cf. *Personnel Administrator v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979); *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) (because the equal protection clause forbids action with discriminatory intent, a disparate impact may be suggestive but is not sufficient to establish a violation).

On appeal plaintiffs essentially concede the lack of evidence. Indeed, their reply brief denies that they tried to establish racial discrimination. Instead, they say, they want to demonstrate "racial profiling" in the parole process. "Racial profiling" has become a political catchphrase but does not displace the legal rules that govern claims of racial discrimination. To succeed in this case, the plaintiffs had to establish that their parole has been delayed because of race—that is, that they would have been released already (or would be released sooner) if they were of another race. Nothing in their briefs suggests that the plaintiffs have acquired (or with more discovery could acquire) any evidence supporting such a demonstration; and their appellate brief implies that plaintiffs did not try to do so. They therefore cannot succeed in this litigation, and the

district court properly granted summary judgment to the defendants.

AFFIRMED